SPN:RCH/OO
F. #2020R00812

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMES DAVNEIRO,
GIANCARLO OSMA and
MICHAEL PERRI,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:21-cr-00508 (RPK)(SJB)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
1952(a)(3)(A), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

        At all times relevant to this Indictment, unless otherwise indicated:

INTRODUCTION

I.   The Defendants

        1.     JAMES DAVNEIRO was a New York City Police Department ("NYPD") officer assigned to the 107th Precinct in Queens, New York.

        2.     GIANCARLO OSMA was a NYPD officer assigned to the 107th Precinct in Queens, New York.

        3.     MICHAEL PERRI operated a tow trucking and automobile repair business (the "Business"). PERRI was previously a NYPD officer assigned to the 107th Precinct in Queens, New York. PERRI retired from the NYPD in or about June 2020.

II.   The NYPD's Directed Accident Response Program

        4.     Pursuant to Section 20-518 of the New York City Administrative Code ("Section 20-518"), if a vehicle has been involved in an automobile accident occurring on a

public street in New York City, and the vehicle has been deemed inoperable or cannot be safely operated, NYPD personnel are required, pursuant to the NYPD's Directed Accident Response Program ("DARP"), to identify an appropriate licensed tow trucking and automobile repair business to respond to the scene of the automobile accident and remove the damaged vehicles from the scene for repair. Tow trucking and automobile repair businesses that remove damaged vehicles from accident scenes and repair those vehicles charge the vehicle owners for their services. The licensed tow trucking business that responds to the accident scene must be identified by the NYPD using DARP and may not be independently identified or otherwise selected by NYPD personnel. Under Section 20-518, it is illegal for licensed tow trucking businesses to respond unsolicited to the scenes of automobile accidents and solicit business.

III.  The Tow Truck Scheme

5. Beginning in or about May 2020, the defendants JAMES DAVNEIRO and GIANCARLO OSMA agreed to participate and participated in a corrupt scheme whereby, after responding as NYPD officers to automobile accidents, they would steer the removal of the damaged vehicles to the Business operated by MICHAEL PERRI, in lieu of administering DARP as required (the "Tow Truck Scheme"). In exchange for their participation in the Tow Truck Scheme, DAVNEIRO and OSMA received thousands of dollars in cash bribe payments from PERRI. DAVNEIRO and OSMA continued to participate in the Tow Truck Scheme until at least May 2021.

COUNT ONE
(Conspiracy to Violate the Travel Act – The Tow Truck Scheme)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between May 2020 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES DAVNEIRO, GIANCARLO OSMA and MICHAEL PERRI, together with others, did knowingly and willfully conspire to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00; Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10; and Criminal Liability for Conduct of Another, in violation of New York Penal Law Section 20.00, and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

8. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants JAMES DAVNEIRO, GIANCARLO OSMA and MICHAEL PERRI, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about March 22, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(b) On or about April 16, 2021, PERRI directed a bribe payment of $1,600 to OSMA.

(c) On or about April 20, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(d) On or about April 21, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(e) On or about April 26, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(f) On or about April 29, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(g) On or about April 30, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than activating DARP to identify an appropriate tow trucking and automobile repair business as required by NYPD procedure.

(h) On or about May 11, 2021, DAVNEIRO and OSMA diverted one or more vehicles damaged in an automobile accident to PERRI and the Business, rather than

activating DARP to identify an appropriate tow trucking and automobile repair business for the damaged vehicles as required by NYPD procedure.

    (i)  On or about May 14, 2021, PERRI directed bribe payments of $1,000 to OSMA and $1,000 to DAVNEIRO.

    (Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Use of Interstate Facilities to Commit Bribery – The Tow Truck Scheme)

    9.  The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

    10.  In or about and between May 2020 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES DAVNEIRO, GIANCARLO OSMA and MICHAEL PERRI, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00; Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10; and Criminal Liability for Conduct of Another, in violation of New York Penal Law Section 20.00, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

    (Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

11. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00812
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JAMES DAVNEIRO, *et al.*

Defendants.

## INDICTMENT

(T: 18, U.S.C., §§ 371, 981(a)(1)(C), 1952(a)(3)(A), 2 and 3551 *et* seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

_____

Ryan Harris and Olatokunbo Olaniyan, Assistant U.S. Attorneys, (718) 254-7000